NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

HARRIET CUMMISKEY, PETITIONER, v. PUBLIC SERVICE
ELECTRIC AND GAS COMPANY, RESPONDENT.

**Petitioner's Decedent Injured and Treated at Hospital—After
Returning Home Pneumonia Developed, Resulting in Death
—Petitioner's Physician Could Not Definitely Give the Cause
of the Pneumonia—Burden of Proof is on Petitioner.**

On petition for compensation. Finding of facts, determination and order of dismissal.

For the petitioner, *Melosh, Morten & Melosh* (by *Henry J. Melosh*).

For the respondent, *James O. Boyd.*

\*      \*      \*      \*      \*      \*      \*

From the evidence submitted by the petitioner, it appears that Michael J. Cummiskey was the husband of the petitioner; that he was employed by the respondent and met with an accident arising out of and in the course of his employment on the 6th day of October, 1924; that the injury sustained by the petitioner was a bruised right testicle; that he remained at home a few days and was then taken to the hospital and the testicle removed. He returned from the hospital on or about November 26th, 1924, and the day following his return from the hospital his family physician found him to be suffering from pneumonia. Petitioner's decedent then returned to the hospital on November 28th, 1924, and died in the hospital as a result of pneumonia on or about November 30th, 1924.

The doctor for the petitioner testified he could not definitely say what caused the pneumonia.

The doctors for the respondent testified that the pneumonia had no connection with the accident.

N. J. Dept. Labor—Cummiskey v. Public Service Electric, &c., Co.

Under the Workmen's Compensation act the burden is on the petitioner to prove her case.

From the facts submitted it is clearly evident the petitioner failed to sustain the burden of proof as required by the act, and the case should, therefore, be dismissed.

CHARLES E. CORBIN,
*Deputy Commissioner.*